EARL A. ROTH and ANNE G. ROTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roth v. Commissioner
Docket No. 6872-74.
United States Tax Court
T.C. Memo 1977-17; 1977 Tax Ct. Memo LEXIS 424; 36 T.C.M. (CCH) 82; T.C.M. (RIA) 770017; January 27, 1977, Filed Earl A. Roth and Anne G. Roth, pro se. Daniel P. Ehrenreich, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $15,835 in petitioners' Federal income tax for 1970. Due to a concession by petitioners, *425 we are to decide the following: (1) Whether petitioners are entitled to norecognition under either section 1033 or 1034[1] of any portion of the gain realized by them in 1970, through their receipt of a proportionate share of the proceeds from the sale of certain real estate held by a trust of which petitioner Anne Roth was a beneficiary. (2) If we find against petitioners on the first question, whether petitioners are entitled to include any portion of a mortgage note executed by Mikari Geriak to petitioner Anne Roth, trustee, in 1937, in their basis in the trust property which was sold. (3) If we find against petitioners on the first question, whether petitioners may now file separate Federal income tax returns for the taxable year 1970, in place of the joint return originally filed. FINDINGS OF FACT Most of the facts were stipulated and are so found. Petitioners, Earl A. Roth and Anne M. Roth, are husband and wife, who at the time of filing of the petition herein resided in New Canaan, Connecticut. Petitioners filed their joint Federal income tax return *426 for the taxable year 1970 with the Andover Service Center, Andover, Massachusetts. The date appearing after the signatures on the return is April 13, 1971. During 1970, petitioners resided at 1140 Stillwater Road, Stamford, Connecticut. Earl Roth is a party solely by virtue of having filed a joint Federal income tax return with his wife, Anne, and she will be referred to hereinafter as petitioner. On July 14, 1937, petitioner's father, Mikari Geriak, conveyed a one-half undivided interest in certain real property (hereinafter the property) that he owned, in trust to petitioner as trustee for the benefit of his eight children (including petitioner). The property was located on Intervale Road, Stamford, Connecticut, and consisted of approximately 36 acres of land, Geriak's personal residence, and certain other buildings. Geriak operated a farm on the property prior to his death. On the same date, Geriak executed a mortgage deed on the one-half interest in the property that he retained and a note for $10,000 to petitioner, as trustee, to maintain a home for the support of five of the children who were minors at the time. On May 23, 1950, petitioner relinquished her position *427 as trustee and conveyed her legal title to the one-half interest in the property in trust to her brother, John Geriak, trustee. Concomitantly, petitioner also transferred the mortgage deed and $10,000 note to John Geriak, trustee. On July 18, 1950, Mikari Geriak conveyed his remaining undivided one-half interest in the property to the trust he established in 1937. The conveyance was made subject to the outstanding mortgage held by the trust. During the 1960's a dispute arose over the question of whether the trustee, John Geriak, should sell the property pursuant to his discretionary powers under the terms of the trust instrument. In the event the property was sold by the trustee, each beneficiary was to receive one-eighth of the proceeds from the sale. The eight beneficiaries were evenly divided on this question and were unable to agree upon a solution. On January 22, 1965, four of the beneficiaries commenced an equitable action in the Superior Court of Fairfield County, Connecticut, against petitioner and three other beneficiaries seeking: (1) a termination of the trust, (2) a partition of the property, (3) or, in the alternative, a sale of the property and a division of *428 the proceeds between the beneficiaries according to their rights. On September 6, 1966, the eight beneficiaries entered into a stipulation, agreeing that a judgment for partition by sale might be subsequently entered by the court. [2]
In 1970, the property was sold, [3] and petitioner received the net amount of $95,357.18 as her proportionate share of the proceeds from the sale. Petitioner's proportionate share in the basis of the property sold was at least $4,500. Petitioner reinvested the proceeds that she received from the sale in accordance with the following schedule: Type of Property and Date
Location
Price
8/30/70
Land - Florida
$ 12,080
9/5/70
Land - Connecticut
13,500
9/6/70
Land - Maine
21,300
2/71
Personal residence -
Connecticut
66,750
Total
$113,630
Petitioner and her husband reported the receipt of her share of the proceeds from the court-ordered sale of the property on their joint Federal *429 income tax return for 1970, but took the position on the return that the gain thus realized was entitled to nonrecognition treatment under section 1033. OPINION In 1970, the property held by the trust of which petitioner was a beneficiary was sold. Petitioner received one-eighth of the proceeds from the sale in the net amount of $95,357.18. The primary question in this case is whether any portion of the gain thus realized is entitled to nonrecognition treatment under either section 1033 or 1034. Petitioner takes the position that since the property was sold pursuant to a court order which she opposed, it therefore constituted an involuntary conversion of her beneficial interest in that property to which the nonrecognition provisions of section 1033 should apply. Alternatively, petitioner maintains that her proportionate share of the proceeds from the sale which were attributable to the sale of a certain residence located on the property held by the trust is entitled to nonrecognition treatment under section 1034. We disagree. Section 1033(a) provides for nonrecognition of gain *430 only where property is compulsorily or involuntarily converted as a result of its "destruction in whole or in part, theft, seizure, or requisition or condemnation or threat or imminence thereof." In this case, the evidence clearly indicates that no such destruction, theft, or seizure occurred. Nor do we believe that the court-ordered partition by sale of the property and division of the proceeds among the eight beneficiaries of the trust constituted a requisition or condemnation within the meaning of section 1033(a). It is well established that the term "requisition or condemnation" as used in the statute means the taking of property by a governmental authority for the use of the taker. Dorothy C. Thorpe Glass Mfg. Corp.,51 T.C. 300, 305 (1968); American Natural Gas Co. v. United States,279 F.2d 220, 225 (Ct. Cl. 1960), cert. denied 364 U.S. 900 (1960). In this case, no taking by a governmental authority for its own use occurred.In addition, petitioner's entry into the stipulation which agreed to the sale of the property was entirely *431 voluntary. Hence, we conclude that the property was neither compulsorily nor involuntarily converted to use by a governmental authority. Accordingly, we hold that section 1033 is inapplicable to the facts in this case. Section 1034 generally provides for nonrecognition of gain if property used by a taxpayer as his principal residence is sold and the taxpayer, within a specific time period, purchased other property which he used as his new principal residence. In this case, the residence which was held by the trust and subsequently sold in 1970 was located on Intervale Road, Stamford, Connecticut.At trial, petitioner presented no evidence to establish that she used the Intervale Road property as her principal residence at anytime relevant herein. Therefore, we hold that section 1034 is likewise inapplicable on these facts. Having determined that petitioner's gain from the sale of the property held by the trust is not within the nonrecognition provisions of either section 1033 or 1034, we must further determine her basis in that property. Respondent has determined that petitioner's *432 proportionate share of the basis of the property was limited to $4,500. Petitioner maintains that she is entitled to include an additional amount in her basis by virtue of a $10,000 mortgage note that she acquired as trustee from the grantor, Mikari Geriak, in 1937. In view of petitioner's failure to introduce any relevant evidence on this point which would establish that she is entitled to any additional basis, we have no choice but to sustain respondent's determination and limit petitioner's basis to the $4,500 amount. Finally, we consider petitioner's argument that she and her husband should be allowed to file separate returns for 1970, in place of the joint return originally filed, as a matter of due process of law. Section 6013(a) provides that a husband and wife may file a single return jointly. The election to file a joint return for any taxable year, however, is irrevocable after the prescribed time for filing returns has expired. Sec. 1.6013-1(a), Income Tax Regs.The evidence indicates that petitioner's return for the taxable year 1970 was due on *433 or before April 15, 1971, and that a joint return for such year was timely filed by petitioner and her husband. Hence, petitioner's election to file a joint return with her husband for the taxable year 1970 became irrevocable after April 15, 1971. Matthew L. Ladden,38 T.C. 530 (1962). Thus, we conclude that petitioner is not entitled to file a separate return for 1970 and hold that in so doing we do not deprive petitioner of due process of law. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The litigation concluded in December 1968.↩
3. A small portion of the property was distributed in kind to certain beneficiaries rather than sold. Such distribution, however, has no bearing on the issues in this case.↩